IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 22-cv-02448-ELH |
| | * | |
| HUMPHREY-STAVROU ASSOCIATES INC., | * | |
| *et al.*, | * | |
| | * | |
| Defendants. | * | |

********

**CORRECTED CONSENT MOTION TO APPROVE THE DISTRIBUTION
OF THE SETTLEMENT FUND TO AGGRIEVED PERSONS[1]**

Through this unopposed corrected motion, Plaintiff United States of America moves the Court to approve the attached distribution of the Settlement Fund to aggrieved persons on the following grounds:

1. On November 22, 2022, the Court entered a Consent Order against: (a) Stavrou Associates, Inc. and R & S LLC ("Developer Defendants"), (b) Glenmore Associates LP, Windsor Family Associates LP, Windsor Elderly Associates LP, Rainier Manor 2 LP, Chapel Springs LP, Belle Hill Manor LP, Hammarlee House Associates LP, Oak Grove Associates LP, and Hampshire Village Associates LP ("Owner Defendants"), and (c) Milltowne Associates, LP and Howard County Housing Commission (collectively "Rule 19 Defendants"). ECF No. 23.

2. The Consent Order resolved the United States' claims that Developer Defendants and Owner Defendants engaged in a pattern or practice of discrimination against, and denied

---

[1] The previously submitted Consent Motion to Approve the Distribution of the Settlement Fund to Aggrieved Persons (ECF No. 53) included an inadvertently truncated list of aggrieved persons in Exhibit 1, which only accounted for the distribution of $158,200 of the $175,000 settlement fund. Specifically, only 29 of the 37 identified aggrieved persons were included in Exhibit 1. This corrected motion filed together with a corrected Exhibit 1 includes all aggrieved persons and accounts for the distribution of all $175,000 in the settlement fund.

rights to a group of, persons with disabilities by failing to design and construct eleven covered multifamily dwellings with the accessible features required by the Fair Housing Act ("FHA"), 42 U.S.C. § 3604(f)(1)-(f)(3), and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12183(a)(1).

3. Paragraph 59 of the Consent Order required the Defendant SAI to deposit in an interest-bearing escrow account ("Settlement Fund") the sum of One Hundred Seventy-Five Thousand Dollars ($175,000) for the purpose of paying monetary damages to prospective, current, and former residents of the Subject Properties deemed by the United States to be aggrieved persons (hereinafter "aggrieved persons").

4. Paragraphs 68 through 72 describe the procedure for disbursements from the Settlement Fund. Paragraph 68 requires the United States to determine which persons are aggrieved and an appropriate damage amount that should be paid to each person from the Settlement Fund. The Defendants waived their right to contest the United States' determinations. The Consent Order required the United States to inform the Defendants of these determinations and include a copy of the sworn declaration from each aggrieved person, which the United States did on June 5, 2024.

5. Paragraph 70 requires that the United States submit the final recommendation for disbursements from the Settlement Fund to the Court for approval. Attached hereto is Exhibit 1, which identifies the names of the aggrieved persons and the amount of money to be distributed to each person for the Court's approval.

6. Paragraph 71 provides that within sixty (60) days from the Court's entry of the Order approving payment to aggrieved persons, Defendant SAI shall deliver to the United States checks payable to the aggrieved persons, or to the aggrieved person's estate, heir(s) of their

estates, or legal guardians if requested by the United States.  The United States is required to distribute the check to each aggrieved person – or to the executor of the aggrieved person's estate, heirs, or guardians, if appropriate – after the United States has received a signed release in the form of Appendix D to the Consent Order.  The United States is also required to provide SAI with a copy of the signed release from each aggrieved person within sixty (60) days after the check is distributed to the aggrieved person.

Wherefore, for all the reasons stated above, the United States requests that the Court approve the distribution of the funds set forth in **Exhibit 1**.  A proposed Order is attached.

Dated: June 17, 2024

                                        Respectfully submitted,

EREK L. BARRON  
United States Attorney  
District of Maryland  

\_\_\_\_/s/_____  
KIMBERLY S. PHILLIPS  
Bar No. 811611  
Assistant United States Attorney  
36 S. Charles Street 4th Floor  
Baltimore, Maryland 21201  
Phone: (410) 209-4900  
E-mail: Kimberly.Phillips@usdoj.gov  

KRISTEN CLARKE  
Assistant Attorney General  
Civil Rights Division  

CARRIE PAGNUCCO  
Chief, Housing and Civil Enforcement Section  

\_\_\_/s/_____  
MICHAEL S. MAURER  
Deputy Chief  
BETH PEPPER  
JENNIFER MCALLISTER  
Trial Attorneys  
Housing and Civil Enforcement Section  
Civil Rights Division  
U.S. Department of Justice  
4 Constitution Square  
150 M Street, N.E., Room 6.1423  
Washington, DC 20002  
Phone: (202) 305-0916  
Fax: (202) 514-1116  
E-mail: Beth.Pepper@usdoj.gov  
E-mail: Jennifer.Mcallister@usdoj.gov  

*Attorneys for Plaintiff*  
*United States of America*